UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO HINES,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>RAYMOND ROSADO, HOWARD MOORE, ANTONIO URQUIOLA CORTINAS, R&O TRANS SERVICES, INC., US ROADWAY, INC., A CORPORATION;<br><br>　　　　　　Defendants. | 4:24-CV-04025-RAL<br><br><br>ORDER ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT |

This Court entered a Scheduling Order in this case on April 9, 2025, stating the deadline to move to join additional parties and to amend the pleadings set forth in the parties' joint discovery report had passed. Doc. 40. Rule 15(a)(2) of the Federal Rules of Civil Procedure would ordinarily allow a plaintiff having written consent from the defendant to file an amended complaint without leave of court. Fed. R. Civ. P. 15(a)(2). Because the Scheduling Order's deadline for amending pleadings has already expired, however, the "good cause" standard of Rule 16(b)(4) governs Plaintiff's attempt to amend the complaint. See Nelson v. Int'l Paper Co., No. 18-cv-131, 2019 WL 10960398, at *1–2 (D. Minn. Jan. 22, 2019) (applying Rule 16(b)(4)'s good cause standard to motion to amend answer after the scheduling order deadline even though the plaintiff consented to the defendant's motion to amend its answer); 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 15 (June. 2025 Update) ("[O]nce the court enters the scheduling order, it may only be modified by leave of court and upon a showing of good

cause."); see also Trim Fit. LLC v. Dickey, 607 F.3d 528, 531 (8th Cir. 2010) (explaining that there is no "absolute right to amend" after the scheduling order's deadline and that when "leave to amend is sought after the scheduling order's deadline, a judge may require good cause under Rule 16(b)(4)").

Based on the proposed amended complaint, and considering Defendants' consent, Plaintiff has shown good cause for its belated attempt to amend it complaint. According to the proposed amended complaint, Plaintiff's previous counsel withdrew representation due to being suspended from the practice of law. Doc. 50 at 2. Plaintiff's new counsel noticed appearance on November 24, 2025. Id. Since then, Plaintiff's new counsel identified additional parties and theories of liability. Id. Plaintiff circulated the proposed amended complaint with counsel for each defendant on February 9, 2026. Id. All parties have indicated that they do not oppose the motion to amend the complaint. Id. at 3. Plaintiff has been diligent in attempting to prosecute this case since his new counsel noticed appearance. For good cause, it is

ORDERED that Plaintiff file its amended complaint in CM/ECF as a free-standing documents rather than as an attachment. It is further

ORDERED that Defendant shall have 14 days after Plaintiff filed the amended complaint to answer.

DATED this 19th day of February, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE